IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Glenn Dennis Gunder,<br><br>        Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>        Defendants. | No. CV-12-1838-PHX-NVW (BSB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on its own review. For the reasons set forth below, the Court recommends that this action be dismissed without prejudice for failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b).

**I. Background**

Petitioner, proceeding *pro se*, commenced this action pursuant to 28 U.S.C. § 2254 on August 29, 2012. (Doc. 1.) On October 4, 2012, the Court granted Petitioner *in forma pauperis* status. (Doc. 5.) The Court also directed Petitioner to notify the Court of any change in his address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure and warned him that failure to do so could result in dismissal of this action. (*Id*. at 2.) Local Rule of Civil Procedure 83.3(d) provides that an unrepresented party who is incarcerated must notify the Court in writing of any change in address "within seven (7) days after the effective date of the change." *Id*. On October 10 and November 9, 2012, the Court received returned mail addressed to Petitioner marked "undeliverable" noting that Plaintiff is not in custody. (Docs. 6 and 10.) Petitioner has not notified the Court of his current address.

## II. Discussion

In view of Petitioner's failure to provide notice of his current address, the Court will consider whether to recommend dismissal of this case. Petitioner has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, a petitioner who has filed a *pro se* action must keep the Court apprised of his current address and comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Petitioner. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Petitioner's failure to inform the Court of his current address constitutes failure to prosecute and to comply with the Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss an action for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

1     Here, the first, second, and third factors favor dismissal of this case. Petitioner's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Petitioner's current address, however, certain alternatives are futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey*, 856 F.2d at 1441.

    The Court finds that one less drastic sanction is available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Petition and this action will therefore should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Isley v. Schriro*, 2007 WL 3287587 (D. Ariz. Nov. 5, 2007) (dismissing § 2254 petition without prejudice based on petitioner's failure to notify court of his current address).

    Accordingly,

    **IT IS RECOMMENDED** that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this action be dismissed without prejudice.

    **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

    This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to file a response to the objections.

1 Failure to file timely objections to the Magistrate Judge's Report and Recommendation may
2 result in the District Court's acceptance of the Report and Recommendation without further
3 review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file
4 timely objections to any factual determination of the Magistrate Judge may be considered a
5 waiver of a party's right to appellate review of the findings of fact in an order or judgment
6 entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 13th day of November, 2012.

_____
Bridget S. Bade
United States Magistrate Judge